IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ALVAREZ-MARROQUIN,<br><br>                    Petitioner,<br><br>           vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | No. CV-F-07-1868 OWW<br>(No. CR-F-04-5269 OWW)<br><br>ORDER DIRECTING UNITED<br>STATES TO FILE RESPONSE<br>PETITIONER'S MOTION TO<br>VACATE, SET ASIDE OR CORRECT<br>SENTENCE PURSUANT TO 28<br>U.S.C. § 2255 WITHIN 45 DAYS |

   On December 20, 2007, Petitioner Jorge Alvarez-Marroquin, *proceeding in pro per*, timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  As the sole ground for relief, Petitioner contends that the United States offered "two (eight-nine years) offers to plea instead of going to trial"; that "[a]lthough the evidence of Movant's participation was strong beyond any possible doubt, making the case impossible to win at trial, counsel let movant to reject [sic] the two offers and proceed to trial."  Petitioner claims that he was denied the effective assistance of counsel "in the

1

examination of the facts, circumstances, the Government's evidence and the law involved, in order to obtain a professional opinion as to whether accept [sic] or reject the Government's offer." Petitioner requested and was granted leave to file a supplemental memorandum and declaration in support of this claim. On February 22, 2008, Petitioner filed a "Supplemental Memorandum of Fact and Law."

Petitioner was charged with co-defendants Mohamed T. Ahmed, Gilberto Braz-Gonzalez, Elfego Ramirez-Marroquin, and Porfirio Cortes-Abarca with conspiracy to distribute and possess with intent to distribute methamphetamine; distribution of methamphetamine and aiding and abetting; and possession with intent to distribute methamphetamine and aiding and abetting. Petitioner was represented by John Garland. Petitioner's co-defendants all accepted guilty pleas. Petitioner went to trial and was convicted on all counts. The Presentence Report determined the applicable guideline range as 188-235 months based on an offense level of 36 and a criminal history category of I. Petitioner was sentenced to 188 months. Petitioner appealed, contending that the Court erred in denying his request for a two-level mitigating role reduction for being a minor participant in an offense pursuant to USSG § 3B1.2, by failing to compare his conduct with the conduct of other participants in the offense, and instead finding only that he was an active participant. The Ninth Circuit ruled:

> The district court did not clearly err in

>denying this request because the record reflects that Alvarez-Marroquin was not 'substantially' less culpable than his co-participants' and his efforts were 'integral to the successful completion of the drug transaction.'  *See United States v. Duran*, 189 F.3d 1071, 1089 (9th Cir.1999).  To the extent that Alvarez-Marroquin contends that the court mistakenly believed that an active participant is not entitled to a role reduction, we find no support for such a claim.

In support of his Section 2255 motion based on ineffective assistance of counsel, Petitioner avers:

>1.  Before trial Mr. Garland asked if it was true that I was the one that helped Mohamed to find methamphetamine.
>
>2.  I told Mr. Garland that I just called my cousin Efrego and asked him if he can find the methamphetamine for Mohamed, but I never saw or touched it.
>
>3.  I told him that I was guilty for calling my cousin Efrego but not for possessing the methamphetamine.
>
>4.  Mr. Garland told me that the government was offering me a deal of 8 years sentence without trial.
>
>5.  I told Mr. Garland that at North Jail some prisoners do not get the sentence offered by the government, but what the court wants.
>
>6.  Mr. Garland told me that the reason for that was the mandatory minimum for the possession of drugs.  When I asked him what guarantee I had in receiving the 8 years, he told me none because the problem was the 10 years minimum mandatory for the quantity of methamphetamine involved in my case.  Then I did not accept the deal.  Mr. Garland got mad and left.
>
>7.  When my trial was close, Mr. Garland told me that the government had offered me two

more offers.  He said that the second offer
was 9 years but he did not say the years for
the third offer.

8.  Mr. Garland never told me that the Safety
Valve was applicable in my case, nor of the
possible sentence under the Guidelines in the
event of loosing [sic] the trial.

9.  I did not now [sic] nothing about any
Pinkerton responsability [sic], and Mr.
Garland never explained to me that It [sic]
was not necessary to carry, see, or touch the
methamphetamine for me to be found guilty of
possessing it.

10.  Mr. Garland told me that since the jury
found me guilty, it would not help to tell
the Probation Office that I did not carry,
saw, nor touched the methamphetamine.

11.  When the judge asked me if I did call my
cousin Efrego, I intended to say yes, but Mr.
Garland stopped me.

12.  When I told the judge that they were
more guiltier than I was, I was saying that I
was guilty but not more than Efredo and
Mohamed because they were carrying the
methamphetamine, and I was not.

Because it cannot be determined from Petitioner's motion that he is or is not entitled to relief, the United States is ordered to file a response to Petitioner's motion within 45 days of the filing date of this Order.  Petitioner's reply, if any, shall be filed within 30 days thereafter.  All further proceedings shall be by order of the Court.

IT IS SO ORDERED.

**Dated:   March 20, 2008**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE