IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JORGE ALVAREZ-MARROQUIN, | ) | No. CV-F-07-1868 OWW |
| | ) | (No. CR-F-04-5269 OWW) |
| | ) | |
| | ) | ORDER DENYING RESPONDENT'S |
| Petitioner, | ) | MOTION TO DISMISS |
| | ) | PETITIONER'S SECTION 2255 |
| vs. | ) | MOTION AS UNTIMELY AND |
| | ) | DIRECTING RESPONDENT TO FILE |
| | ) | RESPONSE TO PETITIONER'S |
| UNITED STATES OF AMERICA, | ) | SECTION 2255 MOTION WITHIN |
| | ) | 30 DAYS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

By Order filed on March 20, 2008, the United States was ordered to file a response to Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 within 45 days.

On May 30, 2008, the United States filed a motion to dismiss the Section 2255 motion on the ground that the motion was not timely filed within the applicable one-year limitations period.

Respondent's motion to dismiss is DENIED.  Respondent's

1

motion is based on irrelevant authority pertaining to the timely filing of a motion for new trial.  In *Clay v. United States*, 537 U.S. 522, 524-525 (2003), the Supreme Court ruled that "[f]or purposes of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellant court's affirmation of the conviction."  *See also United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir.2000)("[T]he one-year limitations period for a federal prisoner who does not file a petition for writ of certiorari begins to run when the time for filing the petition expires."  "[A] petition for a writ of certiorari ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."  S.Ct.R. 13.1  "The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."  S.Ct.R. 13.3.

    The Ninth Circuit's Memorandum Decision affirming Petitioner's conviction was filed on September 15, 2006.  Petitioner did not file a petition for writ of certiorari.  On December 13, 2007, pursuant to the "mailbox rule," Petitioner filed his Section 2255 motion (actually filed with this Court on December 20, 2007).  Consequently, Petitioner's Section 2255 motion was timely filed.

    For the reasons stated:

    1.   Respondent's motion to dismiss is DENIED;

2

1  **2.   The United States is ordered to file a response to**
2  **Petitioner's motion within 30 days of the filing date of this**
3  **Order.   Petitioner's reply, if any, shall be filed within 30 days**
4  **thereafter.   All further proceedings shall be by order of the**
5  **Court.**
6     IT IS SO ORDERED.
7  **Dated:   June 2, 2008**                                     **/s/ Oliver W. Wanger**
                                                           UNITED STATES DISTRICT JUDGE